**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROSA HIGGINS,
Plaintiff-Appellant,

v.                                                                    No. 95-2741

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
N. Carlton Tilley, Jr., District Judge.
(CA-94-339-6)

Submitted: March 21, 1996

Decided: April 8, 1996

Before NIEMEYER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Linda L. Helms, David C. Smith, ALLMAN SPRY LEGGETT &
CRUMPLER, P.A., Winston-Salem, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Gill P. Beck, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rosa Higgins appeals from the district court's order dismissing her action under the Federal Tort Claims Act, 28 U.S.C.§§ 2671 - 2680 (1988), for lack of subject matter jurisdiction. We find that the district court properly dismissed the action; consequently, we affirm.

Higgins, a senior citizen, brought this action after suffering a broken hip when she was mugged at a postal facility in Winston-Salem, North Carolina. Although it was located in a high crime area, the post office had no security guards or cameras. Higgins filed a complaint alleging that the United States was liable for failing to protect her from criminal acts of third parties. The district court granted the Government's motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Higgins timely appealed.

Under 28 U.S.C. § 2680(a) (1988), there is an exception to government liability under the Federal Tort Claims Act for cases involving the failure to exercise a discretionary function. A function is discretionary if the action involves an element of judgment or choice and that judgment or choice involves considerations of public policy. Baum v. United States, 986 F.2d 716, 720 (4th Cir. 1993).

Federal regulations grant the Chief Postal Inspector and the local postmasters broad discretion in making security decisions. See 39 C.F.R. §§ 231.1, 231.2 (1995). We find that the district court properly concluded that the decision whether to provide security at individual post offices involves considerations of public policy. We therefore affirm the district court's order dismissing the action for lack of subject matter jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

2